NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN PLATA, individually and on behalf of all others similarly situated,

Plaintiff - Appellee,

v.

LANDS' END, INC.,

Defendant - Appellant.

No. 25-328

D.C. No.
5:24-cv-00723-MEMF-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted August 14, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Lands' End, Inc. ("Lands' End") appeals the district court's denial of its

motion to compel arbitration of Juan Plata's ("Plata's") class action suit alleging

various California consumer law violations.  Lands' End contends that Plata's suit

is barred by its Terms of Use, which were hyperlinked on the check-out page from

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

which Plata purchased merchandise.  We have jurisdiction under 9 U.S.C. § 16(a)(1)(B) and affirm.

"We review a district court's denial of a motion to compel arbitration de novo and any underlying findings of fact for clear error."  *Chabolla v. Classpass Inc.*, 129 F.4th 1147, 1153 (9th Cir. 2025).  "In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation."  *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022).  "Under California law, a sign-in wrap agreement," such as the one here, "may be an enforceable contract . . . if '(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms.'"  *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1014 (9th Cir. 2024) (quoting *Berman*, 30 F.4th at 856); *Godun v. JustAnswer LLC*, 135 F.4th 699, 709 (9th Cir. 2025) (referring to this test as the "internet contract formation test").

1.  The district court did not clearly err in finding that the hyperlink to the Terms of Use was broken at the time of Plata's purchase.  First, Lands' End had conceded that the link misdirected to the website's Help Center, and that it could not prove that the link was "operational in the way it was intended at the time of purchase."  It further conceded, consistent with the record, that there were no

2                                                                        25-328

changes to the hyperlink between the time of purchase and the time it was confirmed to be broken. The district court's findings are therefore not clearly erroneous. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011) ("The clear error standard is highly deferential." (cleaned up)).

2. California law is unclear whether a broken link should be evaluated under the first or second step of the internet contract formation test. The first step of reasonable conspicuousness "has two aspects: the visual design of the webpages and the context of the transaction." *See, e.g.*, *Godun*, 135 F.4th at 709 (citing *Chabolla*, 129 F.4th at 1155). The second step requires an "action taken by the internet user" that "unambiguously manifested his or her assent to proposed contractual terms" consistent with an "explicit advisement" that the said action would "constitute assent." *Id.* at 710–11 (cleaned up). We need not decide whether a broken link implicates conspicuousness or explicit advisement, or both. In light of the district court's finding that the link was inoperable, under California law, no mutual assent occurred, and the parties did not form a contract.

3. Because no contract was formed between Plata and Lands' End, we do not reach the parties' unconscionability claims.

**AFFIRMED.**